**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DEBORAH JORDAN,                                                                                             PLAINTIFF

v.                                       No. 5:11-cv-00099-JLH-JJV

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Deborah Jordan, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

In support of her Complaint, Plaintiff argues that the Administrative Law Judge (ALJ) incorrectly relied on the Medical-Vocational Guidelines, given Plaintiff's nonexertional impairments. (Doc. No. 12 at 11-13.) She further argues the ALJ failed to properly evaluate her obesity. (*Id.* at 14-17.) The Commissioner responds that the ALJ's findings were proper. (Doc. No. 13 at 3-10.)

After careful consideration of the record as a whole, the Court finds that the ALJ erred in failing to employ a vocational expert in this case. Testimony of a vocational expert is generally required when the burden shifts to the Commissioner and the claimant has a nonexertional impairment. *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir. 1994). "The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines." *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)(quoting *Thompson v. Bowen*, 850 F.2d 346, 349-350 (8th Cir. 1988)). "Significant" refers to whether Plaintiff's nonexertional impairments preclude her from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir. 1997). Isolated occurrences will not preclude the use of the Guidelines; however, persistent nonexertional impairments preventing the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a finding. *Thompson*, at 350.

"Obesity is []a nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work." *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). And while the evidence does not necessarily lead to a conclusion that Plaintiff is unable to perform all work related activities, the ALJ specifically found that Plaintiff's obesity was a "severe" impairment. (Tr. 21.) By definition, a "severe" impairment is one that significantly limits the plaintiff's physical or mental ability to do basic work activities. *Browning v. Sullivan*, 958 F.2d 817,

821 (8th Cir. 1992).

Furthermore, pain may be a nonexertional impairment. *E.g., Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991); *Prince v. Bowen*, 894 F.2d 283, 287 (8th Cir. 1990). And although the ALJ acknowledged that Plaintiff suffers some degree of pain and limitation associated with degenerative disc disease, he largely ignored the substantial objective medical evidence that Plaintiff suffers from pain and limitation which significantly restricts her ability to perform the full range of sedentary work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998). Plaintiff's medical records show that she has suffered chronic back pain for years. (Tr. 161-172, 175, 177-178, 179, 215-218, 223, 277-284, 287-288, 327-335). And as Plaintiff notes, proper evaluation of Plaintiff's obesity is warranted.

Accordingly, substantial evidence of record fails to support the ALJ's determination that Plaintiff was capable of performing the full range of light work activities. Plaintiff is entitled to have a vocational expert testify as to the effect of pain and obesity on her residual functional capacity. *Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998). *See also Chitwood v. Bowen*, 788 F.2d 1376, 1378 (8th Cir. 1986) ("[Plaintiff] has, at a minimum, alleged pain to a degree that would preclude reliance on the Guidelines.") Reliance on the Medical-Vocational Guidelines was error; it invaded the province of the vocational expert. *See Sanders v. Sullivan*, 983 F.2d 822, 823-24 (8th Cir. 1992); *see also Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991)("When the Secretary erroneously concludes that a claimant's allegations of pain are not credible and denies benefits based upon the medical-vocational guidelines, remand for further proceedings to more fully develop the record or for procuring expert vocational testimony is generally appropriate.").

The ruling of the Commissioner should be reversed and the matter remanded because the decision of the Commissioner is not supported by substantial evidence. On remand, a vocational expert should be called to determine if Plaintiff can perform any jobs in the local or national economy on a full time basis, given her nonexertional impairment. Additionally, proper evaluation of Plaintiff's "severe" obesity is required pursuant to Social Security Ruling 02-1p.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be

reversed and this case be remanded for proceedings consistent with this opinion.  This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 27th day of March, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE